IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHN E. GILLYARD,
ADC #108071                                                                                        PLAINTIFF

v.                                          5:07CV00278SWW/HDY

K. LUCKETT, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

>> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). By Order dated October 31, 2007, this Court granted his application to proceed in this 42 U.S.C. § 1983 action in forma pauperis. The Court also directed him to file an amended complaint, clarifying whether the two other co-plaintiffs were intended to be plaintiffs (as opposed to witnesses), and clarifying which individuals were intended as defendants. Plaintiff has now submitted an amended complaint (DE #5).

According to plaintiff's original and amended complaints, he was falsely accused on two separate occasions by other inmates of sexual misconduct, and was placed in administrative segregation and charged with disciplinary violations. Plaintiff alleges that the only intended defendants are K. Luckett and Jimmy Via, who falsely charged him with the disciplinary violations, which resulted in the loss of class, good time, and incarceration in punitive isolation. Plaintiff also states he sought relief through the disciplinary appeal process, the grievance process, and defendant Luckett, "all to no avail." Plaintiff asks for monetary relief and restoration of his class and good time. Plaintiff also clarifies in his amended

complaint that the two individuals named as co-plaintiffs (Max and Ball) were not intended to be plaintiffs, but were witnesses to the occurrences.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true. See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984). A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that this case falls within the context of Edwards v. Balisok, 117 S.Ct. 1584 (1997), and Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the

proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 117 S.Ct. at 1587. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In addition, it has also been held that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998). In this particular case, plaintiff states in his amended complaint that his disciplinary violation was upheld on appeal. Therefore, the Court finds that such an allegation can not form the basis of a § 1983 claim, and that any decision by this Court concerning the disciplinary violation would necessarily imply the invalidity of the disciplinary conviction. Therefore, the Court finds that plaintiff's complaint should be dismissed pursuant to Heck, Balisok, and Barker, supra, and that should his disciplinary convictions be invalidated by a state tribunal or federal court, he may reassert his claim for damages in a subsequent § 1983 action. Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against defendants be DISMISSED without prejudice to plaintiff's right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court.[1]

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

IT IS SO RECOMMENDED this __6__ day of December, 2007.

_____
United States Magistrate Judge

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."   See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).